## Rodman et al. v. Nelley et al.

*Henry E. Harner*, for plaintiffs.
*Walter R. Sohn*, for defendants.

WOODSIDE, J., July 19, 1943.—Plaintiffs in this case had presented their petition for an alternative writ of mandamus wherein they sought to compel the registration commission to report certain matters to the district attorney, which they felt indicated probable fraud, impersonation, or forgery perpetrated at a primary election.

The commission filed a return containing the following paragraph:

"4. That on November 25, 1942, Carl B. Shelley, District Attorney of Dauphin County, acknowledged receipt of the report of the registration commission by letter, a true and correct copy of which is attached hereto, made a part hereof, and marked 'Exhibit B'."

The exhibit contained a copy of a letter from the district attorney to the registration commission dated November 25, 1942, and a copy of a letter to Dean Hoffman, editor of the Patriot & Evening News, dated August 5, 1942.

Plaintiffs then moved to strike from the pleadings "all of the averments of paragraph 4 of the return, together with the subject matter of 'Exhibit B' and its accompanying letter of August 5, 1942", because they "are totally irresponsive to the writ of mandamus and contain matters not relevant or germane to the issue raised in the mandamus proceedings". It is this motion which is now before us.

This appeal to the common-law power of the court to strike out of pleadings impertinent matter "is a power that is sparingly exercised and one that is seldom called into use": 3 Pa. Standard Practice 693, §12.

Not a single case was cited by petitioners where the court exercised its common-law power to strike out a part of pleadings in a situation in any way similar to this, probably because no cases could be found which would support their position. We examined all the reported Pennsylvania cases we could find where this remedy was sought and found none that even remotely supported plaintiffs' contention.

There have been cases where matter was stricken from pleadings as scandalous, such as where it was pleaded in a civil action that defendant had been convicted of embezzlement and used funds for the purchase of intoxicating liquor: Polish Society Brotherhood of

Justice v. Stogosh, 15 Westm. 115 (1926) ; and where in a civil action to recover payment for services by a preacher charges of personal conduct not relevant to the issue were included in the pleadings: Riddle et al. v. Stevens, 2 S. & R. 537 (1816). The ground upon which plaintiffs here seek to have the matter stricken out is not that it is scandalous but that it is irresponsive and not relevant; in other words, that it is impertinent.

One of the most learned opinions on this subject was written by our own court speaking through Judge Jacobs in the case of Astrich v. Girard Fire & Marine Ins. Co., 6 Dauph. 238 (1903). In refusing to strike out a part of the pleadings the court said (p. 243) :

"An examination of numerous authorities satisfies us that the court has the power to strike out of pleadings impertinent matter; but it is a power which should be sparingly exercised. The English cases show that the allowance of motions to strike out has been usually, if not wholly, for the purpose of preventing unnecessary prolixity in pleading and consequent oppression of the parties; the extent to which this abuse was sometimes carried being illustrated by the case of Yeates vs. Carlisle, 1 W. Bla. 270; S. C. Id. 291, where the pleadings were swollen to nearly 3000 sheets and the costs amounted to nearly £5000. But the English courts have refused to strike out unnecessary matter where there was no complaint of vexation; Nickle vs. Wilton, 1 Chitty, 448; Brindley vs. Dennett, 2 Bing. 184. See also Bromfield vs. Jones, 4 B. & C. 380, per Littledale, J. In Pennsylvania the undoubted power to strike out matter which is scandalous and unnecessary has been exercised; Riddle vs. Stevens, 2 S. & R. 537; and the general power to strike out unnecessary matter is referred to in various cases. Striking off pleas has not been unusual, this practice, however, resting largely upon the ground that, under the statute of 4

Anne, c. 16, the privilege of pleading more than one plea is subject to the discretion of the court. But we are not aware of any reported case in our state in which matter has been stricken from a declaration or statement upon the mere ground of its impertinency, and, while conceding that the courts have the power to take such action in proper cases, we think it a practice which should not be encouraged, both because such motions are dilatory in their effect, if not in their purpose, and because the rights of the parties can be fully guarded at the trial.

"Upon motions of this character the burden of clearly showing the impertinency of the matter complained of rests upon the party making the motion to strike out."

Section 21 of the Practice Act of May 14, 1915, P. L. 483, as amended, 12 PS §491, is not applicable to this case as that act does not apply to actions other than assumpsit and trespass, but even as to striking off pleadings under that act it is said that "unless a party can affirmatively show that he is actually and in fact, not fancifully or theoretically, injured or prejudiced . . . or that a failure of justice may result, a motion to strike off should be overruled": 3 Pa. Standard Practice 705, §22.

The only reason given in the motion to strike these matters from the pleadings is that they "are totally irresponsive to the writ of mandamus and contain matters not relevant or germane to the issue raised in the mandamus proceedings". What was said by Judge Jacobs above is applicable to a large degree here. Plaintiffs have in no way affirmatively shown that they are actually and in fact injured or prejudiced by the pleadings. In fact an allegation that the district attorney had already acknowledged receipt from the commission of the report which plaintiffs were seeking to have the commission make to him appears to be quite pertinent to the issue.

And now, to wit, July 19, 1943, the rule issued on defendants to show cause why paragraph 4 of the return "Exhibit B2" and its accompanying letter should not be stricken from the record is hereby discharged.